Marilyn KOSTZUTA, Plaintiff–
Appellant,

v.

Kenneth S. APFEL, Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 00–6017.

United States Court of Appeals,
Tenth Circuit.

Feb. 1, 2001.

Before EBEL, KELLY, and LUCERO,
Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Marilyn Kostzuta appeals from an order
of the district court granting the Commis-
sioner's motion to remand this case to the
agency for further proceedings. Because
the remand to the Commissioner was pur-
suant to sentence four of 42 U.S.C.
§ 405(g), the order was final and appeal-
able, and we have jurisdiction to consider
this appeal. *See Sullivan v. Finkelstein,*
496 U.S. 617, 629, 110 S.Ct. 2658, 110
L.Ed.2d 563 (1990). We now affirm.

We review the district court's decision
on a motion to remand for abuse of discre-
tion. *See Wainwright v. Sec'y of Health &
Human Servs.,* 939 F.2d 680, 682 (9th
Cir.1991).

Kostzuta alleged disability as of August
1995 due to shoulder pain and frequent
seizures. An administrative law judge
("ALJ") determined that Kostzuta could
perform a full range of light work. On
Kostzuta's appeal to the district court, the
Commissioner requested a remand for the
ALJ to reevaluate the severity of Kostzu-
ta's impairments in accordance with 20

---

* The case is unanimously ordered submitted
without oral argument pursuant to Fed.
R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G).
This order and judgment is not binding prece-
dent, except under the doctrines of law of the

case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir.R. 36.3.

C.F.R. §§ 404.1520a, 416.920a. The district court granted the motion.

In this appeal, Kostzuta argues that the district court should not have ordered a remand, but instead should have awarded immediate benefits on the ground that Kostzuta's impairments make her disabled at step three of the five-step sequential evaluation process. *See* 20 C.F.R. 404.1520; *Clifton v. Chater*, 79 F.3d 1007, 1008–09 (10th Cir.1996).

The Commissioner's motion before the district court suggests, and the record confirms, that the ALJ did not properly evaluate Kostzuta's condition. It would be inappropriate for us to usurp the role of the fact finder by determining whether Kostzuta should be awarded benefits. *See Clifton*, 79 F.3d at 1009 ("[T]his Court should not properly engage in the task of weighing evidence in cases before the Social Security Administration."). Further, the ALJ may determine it is necessary to obtain additional evidence on remand. We cannot say that the district court abused its discretion in granting the Commissioner's motion. *See Clifton*, 79 F.3d at 1009–10 (remanding for additional proceedings at step three because the ALJ failed to discuss the evidence and explain why the claimant was not disabled).

The judgment of the district court is AFFIRMED. Kostzuta's motion to dismiss this appeal because the Commissioner did not file a timely answer brief is DENIED. *See* 10th Cir.R. 27.2(C) (permitting suspension of briefing schedule while challenge to appellate jurisdiction is pending).